Filed in Open Court
5/7/2026
Skyler B. O'Hara
By _M. Deaton_
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | Case No. 26-CR-20017-HLT |
| JOSE MANUEL GARCIA-CARTAGENA, | |
| Defendant. | |

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney Jabari B. Wamble, and Jose Manuel Garcia-Cartagena, the defendant, personally and by and through his counsel, Lisa Nouri, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 8 U.S.C. § 1326(a) and (b)(1), that is, unlawful reentry after deportation. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of it. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which he has agreed to plead guilty is not more than 10 years of imprisonment, a $250,000 fine, three years of supervised release, and a $100 mandatory special assessment.

2.    **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

On or about February 27, 2026, the defendant, Jose Manuel Garcia-Cartagena, was found in the State of Kansas.

Ver. 03-01-24FTPA

The defendant is a citizen and national of the El Salvador and is not a citizen or national of the United States and has no legal claims to status or citizenship in the United States.

On April 25, 2013, the defendant was convicted in United States District Court for the District of North Dakota for Possessing a False Immigration Document, which is a felony, in case number 13-CR-00075-PAC.

Subsequent to this conviction, the defendant was deported or removed from the United States on or about June 10, 2022, via ICE AIR from Alexandria, Louisiana. The defendant's removal/deportation was documented by an executed warrant of deportation bearing the defendant's signature, photograph and fingerprint.

The defendant now admits that he voluntarily re-entered the United States, after he had previously been deported or removed, and did not, at any time prior to that entry, obtain the permission or consent of the Attorney General or the Secretary of Homeland Security (DHS) to re-apply for admission into the United States.

The defendant currently has no fear of returning to the country designated in the previous order, will not submit an argument asserting an application of the Convention Against Torture or any claim for asylum. The defendant does not contest, either directly or by collateral attack, the reinstatement of the prior order of removal, deportation, or exclusion.

The defendant admits these facts are true and correct.

3.      **Application of the Sentencing Guidelines.** The parties understand that the Court will apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and may impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine

the final Guideline range.  The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4.    **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.    **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a)    to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

(b)    if he is deemed eligible, to recommend that the defendant receive the maximum level reduction available pursuant to the District of Kansas/DOJ early disposition "fast track" program. If the defendant was under a "criminal justice sentence" as defined in U.S.S.G. §4A1.1 at the time he committed the offense to which he is pleading guilty hereunder, he hereby promises to stipulate to any violation of supervised release, probation or parole based on the conviction in this case;

(c)    to recommend the defendant receive maximum credit for acceptance of responsibility; and

(d)    to recommend, jointly with the defendant, a sentence at the low-end of the guideline range determined by the Court to apply after, if applicable, any "fast track" adjustment is made and to jointly request an expedited presentence investigation report.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility.  If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct,

the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

8. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of

4

sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

9.    **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

10.    **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United

States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

11.     **Full Disclosure by United States.**  The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning his background, character, and conduct, including the entirety of his criminal activities.  The defendant understands these disclosures are not limited to the count to which he is pleading guilty.  The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

12.     **Deportation Consequences.**  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status because he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which he is pleading guilty. Indeed, because defendant is pleading guilty to Unlawful Reentry After Deportation, removal is presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty, regardless of

any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

13. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

s/Jabari B. Wamble  
Jabari B. Wamble  
Assistant United States Attorney

Date: May 4, 2026

Larry Fadler  
Kansas City Deputy Criminal Chief

Date: 5-7-26

Jose Manuel Garcia-Cartagena  
Defendant

Date: 5-7-26

Lisa Nouri  
Counsel for Defendant

Date: 5-7-26

8